UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————
RENEE HENRY,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　) Civil Action No. 09-1626 (RBW)
　　　　　　　　　　　　　　　　　　　)
DISTRICT OF COLUMBIA, et al.,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　　)
———————————————————————

**MEMORANDUM OPINION**

The plaintiff, Renee Henry, brings this action on behalf of her son, D.G., against the District of Columbia Government and Kaya Henderson, in her official capacity as the Interim Chancellor of the District of Columbia Public School System ("DCPS"),[1] seeking the reversal of a Hearing Officer's Determination affirming the DCPS's decision denying D.G. a compensatory education award pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491 (2006). Currently before this Court are the Plaintiff's Motion for Summary Judgment ("Pl.'s Mot.") and the Defendants' Motion for Summary Judgment, and Defendants' Opposition to Plaintiff's Motion for Summary Judgment ("Defs.' Mot."). After carefully considering the plaintiff's complaint, the administrative record, the parties' motions, and the memoranda of law and exhibits submitted in conjunction with those filings,[2] the Court concludes

---

[1] Former Chancellor Michelle Rhee was named as a defendant by the plaintiff, see, e.g., Compl., but she has since resigned her position and therefore Ms. Henderson has been substituted for Ms. Rhee, see Fed. R. Civ. P. 25(d) ("[W]hen a public officer who is a party in an official capacity . . . resigns, . . . [t]he officer's successor is automatically substituted as a party.").

[2] In addition to the plaintiff's complaint and the parties' cross-motions for summary judgment, the Court considered the following documents in reaching its decision: (1) the Defendant's Answer to Complaint; (2) the Plaintiff's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment ("Pl.'s Mem."); (3) the

(. . . continued)

that it must deny the plaintiff's motion, deny the defendants' cross-motion, and remand the case to the hearing officer for further proceedings. Specifically, the Court denies the plaintiff's motion and denies the defendants' cross-motion because the hearing officer, after finding that D.G. had been denied a free and appropriate public education under the IDEA, was obligated to craft an appropriate compensatory education award and failed to do so. Therefore, the Court will remand this matter to the hearing officer for the purpose of crafting an appropriate award.

## I. BACKGROUND

Congress enacted the IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). A free appropriate public education entitles "each child with a disability" to an "individualized education program" that is tailored to meet his or her unique needs. 20 U.S.C. §§ 1414(d)(1)(A)-(2)(A).

The administrative record establishes the following facts. D.G., born in 1998, was a public school student at Aiton Elementary School, a component of the DCPS, beginning in October 2006. Administrative Record ("AR") at 4, 19. While at Aiton, D.G. was subject to frequent discipline, AR at 3-4, 10, and his teacher suggested that he be evaluated to determine his eligibility for special education services, AR at 4, 21. In a June 2007 meeting convened for this assessment, a DCPS Multi-Disciplinary Team ("MDT") determined that D.G. was not

---

(. . . continued)
Plaintiff's Statement of Material Facts [in Support of its Motion for Summary Judgment]; (4) the Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment, and in Opposition to Plaintiff's Motion for Summary Judgment ("Defs.' Mem."); (5) the Defendants' Response to Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue; (6) the Plaintiff's Opposition to the Defendants' Motion for Summary Judgment and its Reply to the Defendants' Opposition to the Plaintiff's Motion for Summary Judgment ("Pl.'s Reply"); and (7) the Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Defs.' Reply").

eligible for such services. AR at 8, 22. In January 2008, D.G. received an independent psychological examination and was diagnosed with Attention Deficit Hyperactivity Disorder. AR at 73. The examiner recommended that D.G. receive counseling, home-based therapy, and a current educational evaluation. AR at 72-73. In light of this independent psychological examination, the DCPS MDT held a follow-up meeting in February 2008 to reevaluate D.G.'s eligibility for special education services; once again, the MDT found D.G. ineligible for such services, though it did order an educational evaluation as recommended by the independent psychological examination. AR at 74-79. In July 2008, after the educational evaluation was completed, the DCPS MDT held another meeting to determine D.G.'s eligibility for special educational services, and D.G. was found eligible. AR at 89-90.

On April 7, 2009, Ms. Henry filed a due process complaint alleging that the DCPS failed to find D.G. eligible for special education services in a timely manner. AR at 2-15. She argued that the DCPS should have found D.G. eligible for such services at the February 2008 meeting. AR at 9. On May 27, 2009, the administrative hearing officer agreed with Ms. Henry, concluding that the DCPS should have found D.G. eligible for special education services at the February 2008 meeting and had thereby denied D.G. a free and appropriate public education. AR at 118. The hearing officer further concluded, however, that Ms. Henry had not provided "substantial evidence of a link between the compensatory education sought and the expected educational benefit" to D.G., as required by Reid v. Dist. of Columbia, 401 F.3d 516 (D.C. Cir. 2005), and that Ms. Henry had thus failed "to offer an informed and reasonable exercise of discretion regarding what services [D.G.] needs to elevate him to the position he would have occupied absent the school district's failures." Id. The hearing officer therefore dismissed Ms. Henry's due process complaint. Id.

3

Ms. Henry has timely challenged the hearing officer's ruling in this Court, see Compl., seeking reversal of the hearing officer's decision.

## II. LEGAL STANDARDS

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). While "[a] cross-motion for summary judgment does not concede the factual assertions of the opposing motion," CEI Wash. Bureau, Inc. v. Dep't of Justice, 469 F.3d 126, 129 (D.C. Cir. 2006) (per curiam), "where the parties explicitly state that no issues of material fact exist, the matter may be properly determined by the [C]ourt as a question of law," Cartwright v. Dist. of Columbia, 267 F. Supp. 2d 83, 85 (D.D.C. 2003) (citing Carl v. Udall, 309 F.2d 653, 658 (D.C. Cir. 1962)). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000)). If the Court concludes that "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In actions under the IDEA, when a party aggrieved by an administrative decision files suit, the Court "(i) shall receive the record of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of

4

the evidence, shall grant such relief as the [C]ourt determines is appropriate." 20 U.S.C. § 1415(i)(2)(c); Reid v. Dist. of Columbia, 401 F.3d 516, 520-21 (D.C. Cir. 2005). Given the Court's authority under the IDEA to "hear additional evidence at the request of a party," 20 U.S.C. § 1415(i)(2)(c)(ii), and "bas[e] its decision on the preponderance of the evidence," id. § 1415(i)(2)(c)(iii), the "IDEA 'plainly suggest[s] less deference [to the hearing officer's determination] than is conventional' in administrative proceedings." Reid, 401 F.3d at 521 (quoting Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1989)). While "a hearing decision 'without reasoned and specific findings deserves little deference,'" Reid, 401 F.3d at 521 (quoting Kerkam v. Superintendent D.C. Pub. Schs., 931 F.2d 84, 87, (D.C. Cir. 1991)), the party seeking relief "must at least take on the burden of persuading the [C]ourt that the hearing officer was wrong," Kerkam, 862 F.2d at 887. Where the parties have not asked the Court to hear additional evidence, the "'motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record.'" D.R. ex rel. Robinson v. Dist. of Columbia, 637 F. Supp. 2d 11, 16 (D.D.C. 2009) (quoting Heather S. v. Wisconsin, 125 F.3d 1045, 1052 (7th Cir. 1997)).

### III. LEGAL ANALYSIS

The defendants argue that the hearing officer's determination should be upheld because the plaintiff bore the burden "to come forward with evidence [at the administrative hearing] to support each and every element of her claim." Defs.' Mem. at 10 (citing 5 D.C.M.R. § 3030.3; Schaffer v. Weast, 546 U.S. 49, 58 (2005)). However, the authorities cited by the defendants address the burden of proof as to the issues of whether a student has been denied a free and appropriate education, see 5 D.C.M.R. § 3030.3 (requiring only that "the party seeking relief present[] sufficient evidence to meet the burden of proof that the action and/or inaction or

proposed placement is inadequate or adequate to provide the student with a Free Appropriate Public Education"), and whether an Individualized Education Program that <u>has already been crafted</u> by the administrative officer is appropriate, see Schaffer, 546 U.S. at 56 ("At an administrative hearing assessing the appropriateness of an IEP, which party bears the burden of persuasion?"), not the crafting of the award itself. The task of "designing [the student's] remedy will require a fact-specific exercise of discretion <u>by either the district court or a hearing officer</u>," Reid, 401 F.3d at 524 (emphasis added), not by the parties themselves.

Here, the defendants do not contest the hearing officer's determination that D.G. was denied a free and appropriate public education when the DCPS failed to find him eligible for special education services at the February 2008 meeting. Under the IDEA, "[i]f a disabled student is denied special education services, he is entitled to compensatory education." Brown v. Dist. of Columbia, 568 F. Supp. 2d 44, 47 (D.D.C. 2008) (citing Reid, 401 F.3d at 518); see also Friendship Edison Pub. Charter Sch. Collegiate Campus v. Nesbitt, 532 F. Supp. 2d 121, 125-26 (D.D.C. 2008) (refusing to affirm the hearing officer's denial of a compensatory education award based on the hearing officer's asserted grounds that the record was insufficient to craft an award, when the hearing officer had found that the student had been denied a free and appropriate education). In fact, "[o]nce a plaintiff has established that she is entitled to an award, simply refusing to grant one clashes with Reid." Stanton v. Dist. of Columbia, Civil Action No. 09-988 (D.D.C. Jan. 27, 2010). The plaintiff having demonstrated to the satisfaction of the hearing officer that the defendants denied D.G. a free and appropriate education, a finding that the defendants do not challenge, D.G. is entitled to a tailored compensatory education award, and that was not done.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Hearing Officer erred in not granting D.G. a compensatory education award after finding that D.G. had been denied a free and appropriate public education. While "the Court has the authority to undertake its own review of the record . . . and issue judgment in the case," Suggs v. Dist. of Columbia, Civil Action No. 08-0938, 2010 WL 165199, at *8 (D.D.C. Jan. 19, 2010), "the district court may determine that the 'appropriate' relief is a remand to the hearing officer for further proceedings," Reid, 401 F.3d at 526. Here, the Court chooses to remand this case to the hearing officer to permit her in the first instance to conduct the "fact-specific exercise of discretion" required by Reid, and to craft an award that "aim[s] to place [D.G.] in the same place [he] would have occupied but for the school district's violations of [the] IDEA." Id. at 518. Given the importance of children receiving a free and appropriate public education, an expedient resolution of this matter is required, and the hearing officer must craft an award in accordance with the Reid standard within sixty (60) days.[3]

_____/s/_____
REGGIE B. WALTON
United States District Judge

---

[3] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.